**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

CLEVIS HOLMES,

       Petitioner,

vs.                             Civil No.  17-cv-628-DRH-CJP

B. TRUE,

       Respondent.


## MEMORANDUM and ORDER

Petitioner Clevis Holmes filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) challenging the enhancement of his sentence as a career offender under U.S.S.G. § 4B1.1. He purports to rely on *Mathis v. United States*, 136 S. Ct. 2243 (2016).

Respondent filed a response at Doc. 11 and a supplemental response at Doc. 13. Petitioner filed replies at Docs. 14 and 17.


## Relevant Facts and Procedural History

Holmes pleaded guilty to one count of distribution of cocaine, one count of distribution of heroin, and one count of aiding and abetting the distribution of cocaine base ("crack") in this district. *United States v. Holmes*, Case No. 14-cr-30155-DRH (S.D. Ill.). There was not a written plea agreement. On April 17, 2015, he was sentenced to 188 months imprisonment on each count, to run concurrently.

1

At sentencing, the court determined that petitioner qualified as a career offender based on two prior convictions for drug offenses under Illinois law. He had a 2002 conviction for unlawful delivery of a controlled substance while located within 1000 feet of a housing project in violation of 720 ILCS 570/407, and a 2006 conviction for unlawful delivery of a controlled substance in violation of 720 ILCS 570/401. His advisory sentencing range was 188 to 235 months. Case No. 14-30155-DRH, Transcript of Sentencing Hearing, Doc. 46, p. 7.

Petitioner filed a direct appeal. His attorney filed an *Anders* brief. The Seventh Circuit affirmed. *United States v. Holmes,* 623 F. App'x 813 (7th Cir. 2015)

Petitioner did not file a motion under 28 U.S.C. § 2255.

**Legal Standards Applicable to Section 2241**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. See, *Valona v. United States*, 138 F.3d 693, 694 (7th Cir.1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A motion under § 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally

limited to bringing only *one* motion under § 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either 1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or 2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under § 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion *and* that case must apply

retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). See also, *Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).


## Analysis

Citing *Mathis v. United States*, 136 S. Ct. 2243 (2016), petitioner argues that his prior convictions for drug offenses under Illinois law no longer qualify as controlled substance offenses for purposes of the career offender enhancement.

The merits of petitioner's argument are questionable, at best. The Seventh Circuit has held that a conviction for violating 720 ILCS 570/401 qualifies as a controlled substance offense for purposes of the career offender enhancement:

> The definition that underlies the offense established by 720 ILCS 570/401 tells us that "deliver" and "delivery" mean an "actual, constructive or attempted transfer". 720 ILCS 570/102(h). Any conduct meeting the state's definition of "delivery" comes within § 4B1.2(b) because "transfer" is just another word for distribute or dispense.

*United States v. Redden*, 875 F.3d 374, 375 (7th Cir. 2017). *Redden* is binding precedent for this court. Petitioner suggests no meaningful way to distinguish *Redden*.

However, the court need not decide the merits of petitioner's argument because he cannot bring a *Mathis* claim in a § 2241 petition.

There are some claims that can be raised on direct appeal but not in a collateral attack such as a § 2255 motion or a § 2241 petition. A claim that a

defendant was erroneously treated as a career offender under the advisory Sentencing Guidelines is one such claim. *Hawkins v. United States*, 706 F.3d 820 (7th Cir. 2013), supplemented on denial of rehearing, 724 F.3d 915 (7th Cir. 2013). See also, *United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014)("[W]e held in *Hawkins* that the error in calculating the Guidelines range did not constitute a miscarriage of justice for § 2255 purposes given the advisory nature of the Guidelines and the district court's determination that the sentence was appropriate and that it did not exceed the statutory maximum.")

Petitioner suggests that *Hawkins* is undermined by *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016). *Molina-Martinez* concerned the proper standard for review on direct appeal of unpreserved error in calculating a Guidelines range. *Molina-Martinez*, 136 S. Ct. at 1349. That case does not in any way invalidate the holding of *Hawkins*.

The Seventh Circuit recently reiterated that the Sentencing Guidelines have been advisory and not mandatory ever since the Supreme Court decided *United States v. Booker*, 125 S.Ct. 738 (2005). *Perry v. United States*, 877 F.3d 751 (7th Cir. 2017). Petitioner was sentenced in 2015, long after *Booker* was decided. He received a sentence that was within the statutory range. Therefore, he cannot demonstrate a miscarriage of justice so as to permit a § 2241 petition.

## **Conclusion**

For the foregoing reasons, Clevis Holmes' Petition for Writ of Habeas

Corpus under 28 U.S.C. §2241 (**Doc. 1**) is **DENIED**.

The Clerk of Court shall enter judgment in favor of respondent.

**IT IS SO ORDERED.**

Judge Herndon
2018.01.22
16:06:43 -06'00'

**United States District Judge**

## **Notice**

If petitioner wishes to appeal the dismissal or denial of his petition, he may file a notice of appeal with this court within sixty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(B). A motion for leave to appeal in forma pauperis should set forth the issues petitioner plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

Petitioner is further advised that a motion to alter or amend the judgment filed pursuant to Fed. R. Civ. P. 59(e) must be filed no later than 28 days after the entry of the judgment—a deadline that cannot be extended. A proper and timely Rule 59(e) motion may toll the 60-day appeal deadline. Other motions, including a Rule 60 motion for relief from a final judgment, order, or proceeding, do not toll the deadline for an appeal.

It is not necessary for petitioner to obtain a certificate of appealability from this disposition of his §2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).